# CHESHIRE,

## DECEMBER TERM, A. D. 1844.

### SCHOOL DISTRICT v. ESTY.

A school district can not maintain an action of assumpsit against the prudential committee of the district to recover a balance of the school money raised by the town, assigned by the selectmen and paid over to the committee.

ASSUMPSIT. The first count alleged that the defendant was duly elected a prudential committee for said district in 1839, and as such received of the selectmen of the town $39.26, being the proportion of school money assigned for the district, which he was bound to lay out and expend, &c., but that he had refused and neglected so to do, &c.

The second count was for money had and received to the plaintiffs' use.

Plea the general issue.

The plaintiffs offered the receipt of the defendant to the selectmen for the sum mentioned, being the district's proportion of the school money for that year.

The defendant then moved for a nonsuit, because no vote of the district was shown authorizing the prosecution of the suit, and because the district was not authorized by law to maintain such a suit, but the court overruled the motion.

The defendant then proved that he was duly appointed prudential committee by the selectmen, and introduced evidence tending to show that as such committee he had duly appropriated and expended the money in providing

School District *v.* Esty.

a summer and winter school, and in furnishing board for the instructors, fuel, &c.

Evidence was thereupon offered by the plaintiff tending to show, that he had paid more for board and fuel than others offered to furnish them for.

The court instructed the jury, that in this action it must be presumed that the defendant acted in good faith until the contrary appeared, and that the mere fact that some other person would have boarded the instructors for a less sum was not enough for this purpose; that for ought which appeared he might fairly have presumed that it was not proper to accept such offers; that if they found he had expended in good faith the money which he had received, in and about the keeping of the schools, he should be discharged; but if they found any balance yet remaining in his hands, they might return a verdict for that sum.

The jury returned a verdict for the plaintiff, and the defendant moved for a new trial.

PARKER, C. J.  This must be regarded as an action of assumpsit to recover of the defendant money in his hands belonging to the plaintiff, notwithstanding the first count as stated in the case saved has very much the appearance of a declaration in tort.

The charge of the court seems to imply that the plaintiff might recover if the defendant had not acted in good faith, notwithstanding he had expended in and about the schools in the district, all the money which he received. But any wrongful appropriation of the money by paying more than he ought to have paid for board and fuel, would furnish ground for a different proceeding.

Assuming however that the verdict is founded upon the latter part of the charge, for a balance in the hands of the defendant unexpended, we are of opinion that the action can not be maintained.  The statute which was in

force when the money was received, and which remains substantially on the revision, directed the division of towns into school districts and gave them certain powers. They may build and repair school-houses, &c., and vote money for the purposes thus specified, which is to be assessed by the selectmen. They may maintain certain actions enumerated, perhaps others also, in relation to the subject matter. They are *qua* corporations thus far. But they have no power to raise money for the support of schools, or to appropriate such money. School taxes may be raised by the town, and are to be assessed by the selectmen, who are to assign to each district its proportion, and to pay it over to the prudential committee, which committee may in certain cases be appointed by them. It is the duty of the prudential committee to appropriate the money to the purposes for which it was raised.

The selectmen assign the money within the meaning of the law, when they apportion it and pay the different portions to the prudential committee. It is not to be paid to the district or to any other officer of the district. Perhaps the selectmen might be justified, under special circumstances, in superintending the expenditure themselves, in a district where there was reason to apprehend danger that the money would be misapplied and lost. That might be an assignment. It is not necessary to settle that.

The money in this case was lawfully paid to the defendant. Of that no question is made. But the assignment of the money to the district for the purpose of being expended in the keeping of schools, and the payment of it to the defendant, under the provisions to which we have referred, vested no legal title to the money in the district; nor does his failure to expend any portion of it, supposing such failure to have occurred, operate to change the legal title and give the district the right to claim the possession of it.

*Verdict set aside.*